UNITED STATES OF AMERICA
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

KAY WILLEY,

       Plaintiff,                  DEMAND FOR JURY TRIAL

-vs-                             Case No.
                                 Hon.

LKQ GLOBAL LLC,

       Defendant.

## **COMPLAINT AND JURY DEMAND**

## **JURISDICTION**

1.    This court has diversity jurisdiction as the amount in controversy exceeds $75,000.00 and there is  complete diversity of citizenship – no plaintiff and defendant are domiciled in the same state.

## **PARTIES**

2.    The Plaintiff to this lawsuit is Kay Willey who resides and is domiciled in Fenton, Michigan in Genesee County.

3.    The Defendant to this lawsuit is LKQ Global LLC ("LKQGLLC") which is a corporation domiciled in Mississippi and doing business in Michigan

4.      At all times relevant, LKQGLLC transacted business within the State of Michigan, caused the subject vehicle to be delivered to the State of Michigan, entered into a contractual relationship with Plaintiff which caused the ownership, use, or possession of tangible personal property situated within the state, and entered into a contract for materials to be furnished in the State of Michigan.

5.      At all times relevant, LKQGLLC purposefully availed itself of the privilege of conducting activities in Michigan, thus invoking the benefits and protections of this state's laws.

6.      At all times relevant, the instant cause of action arises from LKQGLLC's activities in the State of Michigan.

7.      At all times relevant, LKQGLLC's activities are substantially connected with the State of Michigan enough to make reasonable the exercise of jurisdiction over LKQGLLC.

## **VENUE**

8.      The transactions and occurrences which give rise to this action occurred in Genesee County, where the Plaintiff also resides.

9.      Venue is proper in the United States District Court for the Eastern District of Michigan.

2

## **GENERAL ALLEGATIONS**

10.  On or about April 24, 2023, Plaintiff purchased a certain 2002 Rolls Royce
     Corniche, VIN SCAZK29EX2CX02007 ("the vehicle") from LKQGLLC and
     LKQGLLC.

11.  Before consummating the purchase of the vehicle, LKQGLLC made the
     following material representations ("material representations") which also
     constituted express warranties, were false, and related to the vehicle:

     a.   That the vehicle was stunning inside and out

     b.   That the vehicle was an awesome driving vehicle

     c.   That the vehicle drives like a new car

     d.   That the only reason the vehicle had a salvage title was due to a small
          "ding" in the door

     e.   That the insurance company had to issue a salvage title once any type of
          claim was made

12.  LKQGLLC made the following representations by operation of law as a result
     of failing to comply with federal law:

     a.   The vehicle was merchantable.

     b.   the vehicle was fit for its intended purpose.

13.     Before executing the purchase agreement, LKQGLLC made the following specific representations which constituted express warranties:

    a.     That the vehicle was stunning inside and out

    b.     That the vehicle was an awesome driving vehicle

    c.     That the vehicle drives like a new car

    d.     That the only reason the vehicle had a salvage title was due to a small dent in the door

    e.     That the insurance company had to issue a salvage title once any type of claim was made

    f.     That everything on the car was functioning properly

14.     The vehicle did not meet LKQGLLC's specific representations which constituted express warranties.

15.     LKQGLLC disclaimed or limited the warranty of merchantability and fitness for use without doing so clearly and conspicuously.

16.     It is illegal for a dealer to sell a vehicle with a "salvage rebuildable" title in Michigan to a member of the public.

17.     The vehicle constitutes a "good" under article 2 of the UCC, M.C.L. § 440.2101 *et seq*.

18.     Since the date of purchase the vehicle has suffered from the following mechanical defects:

    a.     The steering does not function

    b.     The vehicle drains batteries and leaves them unable to hold a charge

    c.     The title is defective

    d.     The convertible top is defective

    e.     The interior is not "stunning" but rather needs to be replaced

19.     Each time Plaintiff learned of a mechanical defect, Plaintiff promptly notified LKQGLLC of that defect.

20.     Based on the frequency of breakdown, the vehicle's time out of service, the severity of the mechanical failures, the cost of warranty coverage, and amount of other expenses incurred during the limited time of ownership of the vehicle, the vehicle has been rendered unmerchantable, unfit, and of diminished value to Plaintiff.

21.     Plaintiff paid $99,900.00 for the vehicle.

22.     Plaintiff suffered damages as a result of the acts and omissions set forth herein and is entitled to a full refund plus costs and attorney fees.

## <u>COUNT I  -- Magnuson-Moss Warranty Act</u>

23.     Plaintiff incorporates the preceding allegations by reference.

24.    Plaintiff is a consumer as defined in 15 U.S.C. §2301(3).

25.    LKQGLLC is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) & (5).

26.    As a seller of motor vehicles, LKQGLLC was obligated to comply with the FTC buyers guide rule promulgated under the Magnuson Moss Warranty Act, 15 C.F.R. 455.1 *et seq*

27.    Under the buyers guide rule, LKQGLLC was required to affix the buyers guide to the car prior to the sale of the vehicle to  Plaintiff.

28.    LKQGLLC failed to affix the buyers guide to the car prior to the sale of the vehicle to  Plaintiff, thereby violating the buyers guide rule and negating any attempt to disclaim implied warranties.

29.    Under 15 U.S.C. §2301(a)(1), LKQGLLC, must remedy any defect, malfunction or nonconformance of the subject vehicle as a warrantor of the vehicle.

30.    Plaintiff suffered and continued to suffer damages as a result of these breaches of warranty and failure to provide a remedy under 15 U.S.C. § 2304(d).

### COUNT  II -- Violation of Michigan Consumer Protection Act

31.    Plaintiff incorporates the preceding allegations by reference.

32.   LKQGLLC is engaged in trade or commerce as that terms is defined in M.C.L. § 445.902.

33.   LKQGLLC has engaged in one or more of deceptive or unfair practices prohibited by the Michigan Consumer Protection Act, M.C.L.§ 445.903, including but not limited to the following:

   a.   Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

   b.   Using deceptive representations or deceptive designations of geographic origin in connection with goods or services.

   c.   Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have.

   d.   Representing that goods are new if they are deteriorated, altered, reconditioned, used, or secondhand.

   e.   Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

f.  Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction.

g.  Disclaiming or limiting the implied warranty of merchantability and fitness for use, unless a disclaimer is clearly and conspicuously disclosed.

h.  Representing that a consumer will receive goods or services "free", "without charge", or words of similar import without clearly and conspicuously disclosing with equal prominence in immediate conjunction with the use of those words the conditions, terms, or prerequisites to the use or retention of the goods or services advertised.

i.  Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

j.  Entering into a consumer transaction in which the consumer waives or purports to waive a right, benefit, or immunity provided by law, unless the waiver is clearly stated and the consumer has specifically consented to it.

k.      Failing, in a consumer transaction that is rescinded, canceled, or otherwise terminated in accordance with the terms of an agreement, advertisement, representation, or provision of law, to promptly restore to the person or persons entitled to it a deposit, down payment, or other payment, or in the case of property traded in but not available, the greater of the agreed value or the fair market value of the property, or to cancel within a specified time or an otherwise reasonable time an acquired security interest.

l.      Taking or arranging for the consumer to sign an acknowledgment, certificate, or other writing affirming acceptance, delivery, compliance with a requirement of law, or other performance, if the merchant knows or has reason to know that the statement is not true.

m.      Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

n.      Charging the consumer a price that is grossly in excess of the price at which similar property or services are sold.

o.      Causing coercion and duress as the result of the time and nature of a sales presentation.

9

p.     Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.

34.   Plaintiff suffered damages as a result of these violations of the Michigan Consumer Protection Act.

## COUNT III -- Misrepresentation

35.   Plaintiff incorporates the preceding allegations by reference.

36.   The material representations were intended to induce the reliance of Plaintiff.

37.   The material representations did induce the reasonable reliance of Plaintiff.

38.   LKQGLLC made the material representations with actual knowledge of their falsity.

39.   LKQGLLC made the material representations with reckless disregard to their truth or falsity.

40.   LKQGLLC made the material representations even though it should have known that they were false.

41.   These actions constitute a misrepresentation upon Plaintiff.

42.   Plaintiff suffered damages as a result of this misrepresentation.

## COUNT IV  -- Breach of Contract

43.   Plaintiff incorporates the preceding allegations by reference.

44.   LKQGLLC's tender of the performance did not conform as a result of the vehicle's mechanical defects, lack of merchantability, and lack of fitness for intended purpose which existed at the time of delivery.

45.   The failure of LKQGLLC to deliver conforming goods, title, and follow up services at the contract price constitutes a material breach of contract.

46.   Plaintiff suffered damages as a result of this breach of contract.

## COUNT V  -- Breach of  Warranties

47.   Plaintiff incorporates the preceding allegations by reference.

48.   LKQGLLC has breached its express warranties.

49.   LKQGLLC has breached its warranty of merchantability.

50.   LKQGLLC has breached its warranty of fitness for intended purpose.

51.   Plaintiff suffered damages as a result of these breaches of warranty.

## COUNT VI — Motor Vehicle Code Violations

52.   Plaintiff incorporates the preceding allegations by reference.

53.   LKQGLLC violated the motor vehicle code by selling a car to the Plaintiff which was not eligible to be sold to the general public.

54.    Plaintiff may void the contract of sale as a result LKQGLLC's violation of the

Motor Vehicle Code.

## JURY DEMAND

55.    Plaintiff requests a jury trial in this case.

## REQUEST FOR RELIEF

Plaintiff requests that this Honorable Court order that the contract of sale is

void, that the Plaintiff is entitled to a full refund, along with costs and attorney fees.


Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:    /s/ Adam G. Taub
       Adam G. Taub (P48703)
       Attorney for Kay Willey
       17200 West 10 Mile Rd. Suite 200
       Southfield, MI 48075
       Phone:  (248) 746-3790
       Email:  adamgtaub@clgplc.net

Dated:  November 16, 2023

12